# UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF TEXAS
### HOUSTON DIVISION

| | |
|---|---|
| MICHAEL MANESS, individually and on behalf of all others similarly situated,<br><br>*Plaintiff*,<br><br>v.<br><br>QUALITY INTEGRATED SERVICES, INC.<br><br>*Defendant*. | Civil Action No. 3:20-cv-00179<br><br>Magistrate Judge Andrew M. Edison |

## CLEVELAND INTEGRITY SERVICE, INC.'S AND CYPRESS ENVIRONMENTAL MANAGEMENT-TIR, LLC'S MOTION TO INTERVENE AND UNSEAL SETTLEMENT

### I.      INTRODUCTION

This case arose under the Fair Labor Standards Act ("FLSA").  Michael Maness ("Maness") and Quality Integrated Services, Inc. ("QIS") entered into a settlement and solicited this Court to enter an order approving that settlement (as well as the notices contemplated by that settlement) putting that settlement under seal. (Dkt. 21.)  Pursuant to Federal Rule of Civil Procedure 23(e) and the FLSA, this Court has granted its approval publicly but left what it approved sealed. (Dkt. 25.).

This Motion requests that the settlement agreement be unsealed.

### II.      FACTUAL BACKGROUND

Counsel for Maness has brought FLSA lawsuits against customers of Cleveland Integrity Services, Inc. ("CIS") and Cypress Environmental Management-TIR, LLC ("CEM-TIR"), claiming that those customers are the employers of CIS and CEM-TIR inspectors. *See, e.g.*, *Robertson v. Enbridge (U.S.), Inc.*, No. 2:19-cv-01080-WSS-LPL (W.D. Pa. Aug. 27, 2019);

1

*Ferrell v. SemGroup Corp.*, No. 4:19-cv-00610-GKF-JFJ (N.D. Okla. Nov. 12, 2019); *Altenhofen v. Southern Star Central Gas Pipeline, Inc.*, No. 4:20-cv-00030 (W.D. Ky. Feb. 24, 2020).

As the actual employer of the plaintiffs in those cases, CIS and CEM-TIR have been granted intervention.  CIS and CEM-TIR have separately brought motions to disqualify the Josephson Dunlap Law Firm ("Josephson Dunlap") after uncovering evidence of improper solicitation.

Relevant here, around March of 2020, Josephson Dunlap hired a third-party call center to contact over 2,000 QIS employees inviting them to join a settlement with QIS.  Some of these employees are current or former CIS or CEM-TIR employees who were solicited to be plaintiffs in lawsuits against CIS, CEM-TIR, or their customers.

Responding to CIS's and CEM-TIR's motions to disqualify in *Robertson*, *Ferrell*, and *Altenhofen*, Josephson Dunlap made *ex parte* assertions that those March 2020 communications were part of a settlement agreement with QIS.   But, while generically pointing to the settlement in this case (filed two months after the solicitations and not settled until four months later), Josephson Dunlap provide no specifics of the settlement under a protective order or otherwise.

CIS and CEM-TIR seek to intervene for the limited purpose of unsealing the court-approved settlement in this case.  That request should be granted.  *See, e.g., In re Beef Indus. Antitrust Litig.,* 589 F.2d 786, 789 (5th Cir. 1979) (noting that the procedurally correct course for a non-party to challenge a protective order is intervention); *Boone v. City of Suffolk, Va.*, 79 F. Supp. 2d 603 (E.D. Va. 1999) (granting a motion to intervene and motion to unseal FLSA settlement).

II.      **MOTION TO INTERVENE**

Pursuant to Federal Rule of Civil Procedure 23(b), CIS and CEM-TIR seek to intervene as members of the general public to access court documents.  This is perfectly proper: individual parties may raise the public's right of access as a basis for standing in seeking to unseal court records. *United States v. Holy Land Found. For Relief and Dev.*, 624 F.3d 685, 690 (5th Cir. 2010).

Everyone has a right to access judicial documents and records filed in civil and criminal proceedings. *Sec. and Exch. Comm'n v. Van Waeyenberghe*, 990 F.2d 845, 848 (5th Cir. 1993). That right to access is harmed where documents are improperly sealed, and that injury is extended to any member of the general public who seeks the barred information. *See Doe v. Public Citizen*, 749 F.3d 246, 265 (4th Cir. 2014).

CIS and CEM-TIR, therefore, have standing to intervene, and should be permitted to intervene, for the limited purpose of unsealing the settlement agreement.  This is demonstrated by *Johnson v. Corrections Corp. of Am.* No. 3:12-cv-00246-H, 2014 WL 3970115, at *1 (W.D. Ky. Aug. 13, 2014) (granting motion to intervene and motion to unseal FLSA settlement documents). There, as here, the limited purpose of the intervention to simply challenge a sealing order and not participate on the merits did not prejudice the existing parties. *Id.*

And even absent a "clear fit" with the literal terms of Rule 24(b), courts have permitted non-parties to intervene for the limited purposes of seeking to unseal documents. *See, e.g.*, *Blue Spike, LLC v. Audible Magic Corp.*, No. 6:15-cv-584, 2016 WL 3870069, at *2 (E.D. Tex. Apr. 18, 2016); *Traffic Information, LLC v. Farmers Grp., Inc.*, No. 2:14-cv-713-RWS-RSP, 2016 WL 3460763, at *1 (E.D. Tex. Apr. 7, 2016).  So too has the Supreme Court. *Price v. Dunn*, 139 S. Ct.

2764 (Mem.) (2019) (granting leave to intervene to file motion to unseal redacted documents, and granting motion to unseal).[1]

### III.     MOTION TO UNSEAL

Courts often grant unopposed motions to seal documents as a matter of course, reserving authority to vacate that protective order if a third party seeks access to the documents and the parties are unable to overcome the presumption in favor of public access. *See Johnson,* 2014 WL 3970115, at *3 (W.D. Ky. Aug. 13, 2014).  That is the case here.

CIS and CEM-TIR come forward seeking access to the sealed settlement agreement in this case (Dkt. 21), as well as the sealed motion for extension of deadline for mailing notices, (Dkt. 26.)   Here too, the presumption favoring the public access of these court documents -- a presumption that is particularly manifest in the case of an FLSA settlement -- should control.

There is near unanimity among courts that settlements under the FLSA should be unsealed. *See, e.g.*, *Joo v. Kitchen Table, Inc.*, 763 F. Supp. 2d, 643, 646-47 (S.D.N.Y. 2013) (collecting cases).   That is because, unlike other private settlements, FLSA settlements require a court to determine that the settlement is fair and reasonable. *See Bodle v. TXL Mortg. Corp.*, 788 F.3d 159, 165 (5th Cir. 2015) (noting the general rule against settlement of an FLSA claim absent supervision by the Department of Labor or scrutiny from a court).[2]

---

[1] In fact, because of the significant public value of open proceedings, "every court of appeals" to have considered the question "has come to the conclusion that Rule 24 is sufficiently broad-gauged to support a request of intervention for the purposes of challenging confidentiality orders." *Jessup v. Luther*, 227 F.3d 993, 997 (7th Cir. 2000); *see also Equal Opportunity Emp't Comm'n v. Nat'l Children's Ctr., Inc.*, 146 F.3d 1042, 1045 (D.C. Cir. 1998); *Pansy v. Borough of Stroudsburg*, 23 F.3d 772, 778 (3d Cir. 1994); *Brown v. Advantage Eng'g, Inc.*, 960 F.2d 1013, 1015-16 (11th Cir. 1992); *Beckman Indus., Inc. v. Int'l Ins. Co.*, 996 F.2d 470, 473 (9th Cir. 1992) *United Nuclear Corp. v. Cranford Ins. Co.*, 905 F.2d 1424, 1427 (10th Cir. 1990); *Pub. Citizen v. Liggett Grp., Inc.*, 858 F.2d 775, 783 (1st Cir. 1988); *Meyer Goldberg, Inc. of Lorain v. Fisher Foods, Inc.*, 823 F.2d 159, 162 (6th Cir. 1982).

[2] Similarly, class actions also require court approval. *See* Fed. R. Civ. P. 23(e)(2).

As a matter of public policy, court-approved FLSA settlements should be public:

> Given the unmistakable remedial public policy underlying the FLSA, and considering the statute's prohibition of a private waiver of these statutory rights and requirement that any such waiver be supervised, the public's right of access to judicial records and documents applies with particular force to settlement agreements in FLSA wage settlement cases.

*Poulin v. Gen. Dynamics Shared Res.*, *Inc*., No. 3:09-cv-00058, 2010 WL 1655962, at *5 (W.D. Va. Apr. 23, 2013) (denying to seal FLSA settlement agreement); *Prater v. Commerce Equities Mgmt. Co.*, *Inc*., Civil Action No. H-07-2349, 2008 WL 5140045, at *9 (S.D. Tex. Dec. 8, 2008) (denying motions to seal FLSA settlement).

The "mere fact that the parties seek a 'confidential' settlement is not sufficient to outweigh the strong presumption of public access to judicial records." *Barnwell v. Corrections Corp. of Am.*, Case. No. 08-2151-JWL, 2009 WL 10645266, at *2 (D. Kan. Aug. 27, 2009) (granting non-party's intervention and motion to unseal an FLSA settlement agreement); *Johnson v. Bodi Servs., LLC*, No. 5:17-CV-123, 2018 WL 3198437, at *1-2 (S.D. Tex. June 29, 2018) (denying motion to seal FLSA settlement).

The FLSA settlement filed in this Court and approved by this Court is a public record, and deserves to be viewed by the public.  This is especially so where counsel for Maness has asserted this settlement as proof that counsel did not commit any ethical violations when soliciting pipeline inspectors for their lawsuits.  The public should be able to judge whether this settlement is what Maness' counsel says it is.

### IV.    CONCLUSION

For these reasons, this Court should order that the Unopposed Sealed Motion to Approve (Dkt. 21) and Joint Sealed Motion for Extension of Deadline for Mailing Settlement Notices (Dkt. 26.) and their accompanying exhibits be unsealed.

Date: October 29, 2020

Respectfully submitted,

Cleveland Integrity Services, Inc.

Cypress Environmental Management-TIR, LLC

/s/ Nicole Figueroa
Nicole Figueroa
McDermott Will & Emery LLP
2501 N. Harwood Street
Dallas, Texas 75201
(214) 295-8062 (phone)
(972) 767-0190 (fax)
nfigueroa@mwe.com

John Barrick Bollman, *pro hac vice forthcoming*
McDermott Will & Emery LLP
444 West Lake Street
Chicago, Illinois 60606
(312) 372-2000 (phone)
(312) 884-7700 (fax)
bbollman@mwe.com

## CERTIFICATE OF CONFERENCE

Pursuant to Local Rule 7.1(D), counsel for CIS and CEM-TIR has conferred with counsel for Plaintiff and counsel for Defendant, who both oppose this Motion.

/s/ Nicole Figueroa

Nicole Figueroa

## CERTIFICATE OF SERVICE

The undersigned does certify that on the 29th day of October 2020, I caused the attached document to be electronically to the Clerk of the Court using the ECF System for filing.  Based on the records currently on file, the Clerk of Court will transmit a Notice of Electronic Filing to the applicable ECF registrants.

/s/ Nicole Figueroa

Nicole Figueroa